UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DAVID R. CARLSON, | Case No. 17-CV-2144 (JNE/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| TOM ROY, Commissioner, | |
| Respondent. | |

---

Petitioner David R. Carlson has filed a petition for a writ of habeas corpus challenging the revocation of his supervised release by the State of Minnesota. *See* ECF No. 1. The government has moved to dismiss the petition, arguing both that the petition is untimely and that Mr. Carlson has failed to exhaust available state remedies for his claims. *See* ECF No. 10. This Court agrees. For the reasons explained below, it is recommended that Mr. Carlson's habeas corpus petition be dismissed.

**Procedural History**

In 2006, Mr. Carlson was convicted after a jury trial in state court on four sexual-conduct offenses and sentenced to a 96-month term of imprisonment with a 48-month term of supervised release to follow. *See State v. Carlson*, No. A07-2144, 2009 WL 304732, at *3 (Minn. Ct. App. Feb. 10, 2009); Minn. Stat. § 244.101, subd. 1 ("When a felony offender is sentenced to a fixed executed sentence . . . the executed sentence consists of . . . (1) a specified minimum term of imprisonment that is equal

to two-thirds of the executed sentence; and (2) a specified maximum supervised release term that is equal to one-third of the executed sentence."). In May 2014, Mr. Carlson was released from prison and began his term of supervised release, one condition of which prohibited him from having direct or indirect contact with minors absent approval of his probation officer. *See* Resp. Ex. C [ECF No. 12-1 at 19]. Mr. Carlson was found in June 2015 to have violated that condition, and his release was revoked through March 2018. *See* Resp. Ex. D [ECF No. 12-1 at 23-25].

Under Minnesota law and Minnesota Department of Corrections policy, a prisoner challenging the revocation of his supervised release must first appeal the revocation to the Executive Officer of the Hearings and Release Unit, *see* Resp. Ex F [ECF No. 12-1 at 30-38], and then may seek relief in the state courts through a petition for a writ of habeas corpus filed in the district of incarceration (and, if necessary, appealed through the Minnesota appellate courts), *see* Minn. Stat. § 589.01; *State v. Fabian*, No. A05-88, 2005 WL 704302, at *1 (Minn. Ct. App. Mar. 29, 2005). Mr. Carlson has successfully completed the first step, but not the second. On August 7, 2015, the Executive Officer issued a final decision denying Mr. Carlson's administrative appeal. *See* Resp. Ex. G [ECF No. 12-1 at 40]. Thereafter, Carlson has repeatedly tried — and repeatedly failed — to procure judicial review of the revocation of his supervised release:

*First*, on August 3, 2015, Mr. Carlson filed a petition for post-conviction relief pursuant to Minn. Stat. § 590.01 in St. Louis County, the county in which he had been convicted back in 2006. *See Carlson v. State*, No. A15-1388, 2016 WL 1397206, at *1-2 (Minn. Ct. App. Apr. 11, 2016). Although Mr. Carlson did not initially contest the supervised-release revocation — his post-conviction petition was filed a few days before the final decision of the Executive Officer — Mr. Carlson later attempted to shoehorn in a challenge of his revocation as well into these proceedings. *Id.* at *3. The Minnesota Court of Appeals rejected the claims regarding the revocation of supervised release as relying upon an incorrect procedural vehicle. As explained above, a prisoner challenging the revocation of his supervised release must file a petition for a writ of habeas corpus, and that petition must be brought in the district of *incarceration*, not the district of *conviction*. *Id.* (citing *State v. Schwartz*, 615 N.W.2d 85, 89 (Minn. Ct. App. 2015)). Mr. Carlson was required to seek habeas corpus relief in Chisago County, where he was then detained, not St. Louis County, where he had been convicted. *Id.*

*Second*, on September 3, 2015, Mr. Carlson filed another petition for post-conviction review under § 590.01 in St. Louis County. *See* Resp. Ex. I [ECF No. 12-1 at 56-61]. Just as before, though, this petition was not the correct procedural vehicle in which to raise the challenge to the revocation of supervised release. The petition

was summarily denied by the district court, and Carlson did not appeal from that denial.

*Third*, on June 14, 2016, Mr. Carlson filed a state-court petition for a writ of habeas corpus — but again in St. Louis County, not Chisago County. *See* Resp. Ex. J [ECF No. 12-1 at 63-72]. The petition was again denied as having been brought in the improper venue. *Id.* The district court also strongly suggested that Mr. Carlson's claims, even if properly raised, were meritless, time-barred, or both. *See id.* at 71 ("[T]o the extent that this Court can make any sense out of Petitioner's latest pleadings, they appear to be yet more repackaging of the same issues . . . all of which have been rejected by the District Court and the appellate courts as time-barred.").

*Fourth*, also in June 2016, Mr. Carlson filed a petition for a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2254. *See Carlson v. Benson*, No. 16-CV-1974 (JNE/KMM) (D. Minn. filed June 14, 2016). The petition was summarily dismissed without prejudice. To the extent that Carlson challenged his 2006 conviction, his petition was second or successive within the meaning of 28 U.S.C. § 2244(b), and Mr. Carlson had not procured authorization from the Eighth Circuit Court of Appeals. To the extent that Mr. Carlson challenged the revocation of his supervised release, he had not yet exhausted all available state remedies for his claims, *see* 28 U.S.C. § 2254(b). Mr. Carlson was denied a certificate of appealability by both this Court and the Eighth Circuit.

*Fifth*, on August 10, 2016, Mr. Carlson filed another state-court petition for a writ of habeas corpus, this time in the proper venue, Chisago County. *See* Resp. Ex. K [ECF No. 12-1 at 74-82]. Mr. Carlson's application to proceed *in forma pauperis* was denied due to the action being deemed frivolous, with the cryptic finding that "[b]ased on the petition, it appears that a habeas corpus action is not the appropriate cause of action for the Petitioner." *Id.* at 80. Mr. Carlson never paid the filing fee for the habeas corpus action and did not appeal the denial of his *in forma pauperis* application.

Mr. Carlson now returns to federal court, again seeking habeas corpus relief pursuant to § 2254. The petition must be denied, both because it is untimely and because Mr. Carlson still has not yet exhausted available state remedies for his claims.

**Timeliness**

Regarding timeliness: Under 28 U.S.C. § 2244(d)(1),

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

-5-

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1)(D) governs here. The factual predicate of Mr. Carlson's claims regarding the revocation of his supervised release could not have been known until the administrative decision to revoke his supervised release became final. *See, e.g., Redd v. McGrath*, 343 F.3d 1077, 1082-83 (9th Cir. 2003); *Cook v. New York State Division of Parole*, 321 F.3d 274, 280-81 (2d Cir. 2003). That administrative decision became final on August 7, 2015. *See* Resp. Ex. G. Mr. Carlson did not file the currently-pending habeas corpus petition until June 2017. On its face, Mr. Carlson's petition was filed too late.

That said, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Mr. Carlson submitted several applications for "State post-conviction or other collateral review" during the 22 months between the

final administrative decision of revocation and the filing of his present habeas corpus petition. If the entire time during which those state-court petitions were pending, were on appeal, or could have been appealed were to be excluded from the limitations period, Mr. Carlson's pending habeas corpus petition would be timely.

At most, however, only one of those state-court petitions was "*properly* filed." 28 U.S.C. § 2244(d)(2) (emphasis added). As described, the first three petitions for collateral relief filed in state court were denied either because they were filed in the incorrect venue, or presented in an improper format, or both. "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). Mr. Carlson's first three petitions for state collateral relief fail this test, as they were not brought in "the court and office in which [they] must be lodged." *Id.* None of the period during which those petitions were pending before the state courts is excluded from the limitations period established by § 2244(d)(1)(D).[1]

Only the August 10, 2016 habeas petition filed by Mr. Carlson in Chisago County may arguably be regarded as "properly filed," having at least been brought in

---

[1] Carlson's prior *federal* habeas corpus petition cannot toll the limitations period, as it is not an "application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added).

the proper format before the proper court.[2] But the one-year federal limitations period had began to run on August 7, 2015, and therefore had already expired (albeit just recently) by August 10, 2016.[3] Further, the state-court matter was administratively closed on August 11, 2016, and the time for appealing that closure had long passed before Mr. Carlson initiated this habeas action, thereby further lengthening the period — a period already longer than the one year proscribed by § 2244(d)(1)(D) — during which the necessary factual predicate for the claims was known and no properly filed state-court petition was pending. *See* Minn. R. App. P. 104. Mr. Carlson's petition is therefore time barred, and it is recommended that his petition be dismissed with prejudice on that basis.

**Failure to Exhaust**

Even had Mr. Carlson's petition been timely, however, he still has not yet corrected the problem that caused his prior federal habeas corpus petition to be dismissed — i.e., Mr. Carlson has not on any occasion fairly presented his claims to the state courts, including the Minnesota Supreme Court, for review. *See* 28 U.S.C.

---

[2]   The petition did not include "the requisite filing fee," *Artuz*, 531 U.S. at 8, but it did include an application to proceed *in forma pauperis*, and the denial of that application was based, at bottom, on the merits of the underlying petition. Whether the August 10, 2016 petition was "properly filed" is therefore a close call — one that the Court need not make.

[3]   Unlike federal law, Minnesota law does not regard a document submitted by a prisoner as "filed" until that document is received by the court. *See Toua Hong Chang v. State*, 778 N.W.2d 388, 393 (Minn. Ct. App. 2010).

§ 2254(b)(1)(A).  Nothing related to his failure to exhaust his claims in state court has changed between the time that Mr. Carlson's earlier petition was dismissed and today. But whereas Mr. Carlson's prior habeas corpus petition was dismissed *without* prejudice (because Carlson could return to federal court upon exhausting his claims in state court), it is recommended that his current habeas corpus petition be dismissed *with* prejudice, as any subsequent habeas petition filed by Mr. Carlson will be just as untimely as the petition recommended for dismissal now.[4]

**Certificate of Appealability**

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of

---

[4]   Dismissal with or without prejudice is likely a distinction without a difference in this case, as Mr. Carlson's current term of incarceration resulting from the revocation of his supervised release is scheduled to expire in March 2018. *See* ECF No. 11 at 3. Any petition for federal habeas relief filed by Carlson challenging the legality of the revocation will become moot upon his release, regardless of whether the habeas petition was filed prior to his release. *See Spencer v. Kemna*, 521 U.S. 1, 12 (1998).

Appeals, would treat Mr. Carlson's current habeas corpus petition differently than it is being treated here. Mr. Carlson has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Mr. Carlson should be denied a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Respondent's motion to dismiss [ECF No. 10] be **GRANTED**.

2. Petitioner David R. Carlson's petition for a writ of habeas corpus [ECF No. 1] be **DISMISSED WITH PREJUDICE** as time-barred.

3. No certificate of appealability be issued.

Dated: January 16, 2018          *s/Katherine Menendez*
                                 Katherine M. Menendez
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).